## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THE HIMALAYA DRUG COMPANY, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:08-cv-0136 |
| RENEW LIFE FORMULAS, INC., | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Himalaya Drug Company ("Himalaya" or "Plaintiff") files this Original Complaint against ReNew Life Formulas, Inc. ("Defendant") and would respectfully show the Court as follows:

### PARTIES

1.     Plaintiff Himalaya is a Delaware corporation with its principal place of business located at 10440 Westoffice Drive, Houston, Texas 77042.

2.     Upon information and belief, Defendant is a Florida corporation having is principal place of business located at 2076 Sunnydale Blvd., Clearwater, Florida 33765, and Plaintiff may effectuate service of process upon Defendant at its principal place of business.

### JURISDICTION AND VENUE

3.     The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States.  Specifically, this action involves federal trademark rights, federal Lanham Act violations and other federal causes of action.  Subject matter jurisdiction over those of Himalaya's claims that arise under

state law is based upon the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367, and the provisions of 28 U.S.C. § 1338(b) as an action asserting a claim for Texas trademark infringement, dilution and unfair competition joined with a substantial and related claim under the federal trademark laws.

4.      Himalaya is informed and believes and thereupon alleges that venue in this action is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5.      Since its inception, Himalaya has been in the business of developing safe, natural and innovative nutritional and dietary supplements.  Himalaya is the preeminent source of dietary and nutrition supplements, and has spend significant amounts of money and resources in research and development of its products.  Himalaya's pharmaceutical-grade health and dietary products help to promote healthy living and longevity.

6.      Himalaya owns U.S. Trademark Registration No. 2,842,897, issued May 18, 2004 for the mark LIVER CARE for dietary supplements, in International Class 5.  A true and correct copy of U.S. Trademark Registration No. 2,842,897 is attached hereto as Exhibit A and is incorporated herein.

7.      U.S. Trademark Registration No. 2,842,897 is valid, subsisting, and in full force and effect.

8.      The trademark LIVER CARE (the Mark) is associated exclusively with Himalaya for use with nutritional and dietary supplements.  Himalaya has used the mark LIVER CARE in interstate commerce continuously since as early as April 17, 1996.  As a result of its continued use, marketing of its products and other business generation efforts to promote the Mark, the Mark has become well-known in commerce to identify Himalaya's products and business.

Customers and potential customers have come to identify the Mark as originating with Himalaya. For years, whenever consumers have seen the Mark on dietary and nutritional supplements, they have recognized the Mark as an indicator of the high quality that consumers have come to expect from Himalaya.  Consequently, Himalaya has developed substantial recognition among the consuming public for its high quality products sold under its LIVER CARE Mark and enjoys extensive goodwill associated with the Mark.  Furthermore, consumers throughout the United States now recognize the Mark as identifying a single source of Himalaya's high quality dietary and nutritional supplements.

9.      Himalaya recently became aware of Defendant and that Defendant has distributed and sold nutritional and dietary supplements under a mark that is confusingly similar to Himalaya's Mark and has, thereby, infringed upon Himalaya's trademark rights.  Specifically, Defendant sells and promotes nutritional and dietary supplements under the purported mark "Critical Liver Care."  By using a mark that is confusingly similar to Himalaya's LIVER CARE Mark in association with nutritional and dietary supplements, Defendant is infringing upon Himalaya's trademark rights.  Given the similarity of Defendant's mark, which incorporates the identical LIVER CARE Mark on the same type and identical class of goods, there is a substantial likelihood that consumers will be confused, mislead or deceived.  Accordingly, Defendant's sales of the infringing products are diminishing the value of Himalaya's Mark.

10.     Furthermore, Defendant's sales of the infringing products without Himalaya's permission are diluting the value of the Marks and damaging the goodwill and high quality reputation of Himalaya's branded products.

11.     On information and belief, Defendant's above-described activities have been willful.

12.     On information and belief, Defendant will continue to undertake such unlawful activities which infringe Himalaya's trademark rights in the LIVER CARE Mark unless enjoined by this Court.

13.     As a consequence of these activities and the impairment to Himalaya's goodwill, reputation and customer base, Himalaya has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is preliminarily and permanently enjoined by this Court from committing further infringing acts.

## COUNT I - TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION UNDER THE LANHAM ACT

14.     Himalaya repeats and realleges the allegations set forth in paragraphs 1 - 13.

15.     Defendant's improper use of, and sale of products under, a mark confusingly similar to Himalaya's LIVER CARE Mark is confusing to consumers and constitutes infringement of Himalaya's trademark rights in violation of the Lanham Trademark Act (Lanham Act).  Defendant's unauthorized use of the mark "Critical Liver Care" violates Section 43 of the Lanham Act, which prohibits the use of a trademark in such a manner as is likely to cause confusion as to the source of the goods bearing the trademark.  *See* 15 U.S.C. § 1125. Defendant's use of the mark "Critical Liver Care" also violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion.  *See* 15 U.S.C. § 1114.

16.     Defendant is currently selling its products under its infringing mark and will continue to do so unless enjoined from doing so by this Court.  Himalaya has no adequate remedy at law for Defendant's infringement of Himalaya's Mark, in that: (i) the LIVER CARE

Mark is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the injuries to Himalaya resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Himalaya's reputation and goodwill; and (iv) the injury resulting to Himalaya from Defendant's unlawful acts complained of herein are continuing, and they will cause irreparable injury to Himalaya and to the public.  Accordingly, Himalaya is entitled to an order from this Court preliminarily and permanently enjoining Defendant and its principals, agents, employees and others acting in concert with them, from directly or indirectly infringing the Himalaya Mark in any manner, including by using the name or mark "Critical Liver Care," or any other name, mark, design or logo that is confusingly similar to the LIVER CARE mark in connection with the sale, offer for sale, advertising, or promotion of dietary supplements, or any other goods and services.

17.     Additionally, or in the alternative, Himalaya seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts.  Moreover, as a result of Defendant's egregious infringement–the use of an identical mark "Liver Care" in association with dietary supplements–Himalaya seeks treble, additional, and enhanced damages from Defendant.

## COUNT II - TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION UNDER TEXAS LAW

18.     Himalaya repeats and realleges the allegations set forth in paragraphs 1 - 17.

19.     Defendant's improper acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of Texas.  As a result of Defendant's infringement and unfair competition, Himalaya has suffered and will continue to suffer injury and damage in an amount yet to be determined.  Upon information and belief,

Defendant's unlawful acts of infringement and unfair competition have resulted in profits and unjust enrichment to Defendant in an amount yet to be determined. Defendant's acts of trademark infringement and unfair competition are causing harm to Himalaya.

20.     The injury resulting to Himalaya from Defendant's unlawful acts complained of herein are continuing and they will cause irreparable injury to Himalaya and to the public. Unless Defendant's unlawful acts are enjoined by this Court, they will continue to cause irreparable injury to Himalaya and to the public, for which there is no adequate remedy at law. Accordingly, Himalaya is entitled to an order from this court preliminarily and permanently enjoining Defendant and its principals, agents, employees and others acting in concert with them, from directly or indirectly infringing the Himalaya Mark in any manner, including by using the name or mark "Critical Liver Care" or any other name, mark, design or logo that is confusingly similar to the LIVER CARE Mark in connection with the sale, offer for sale, advertising, or promotion of dietary supplements, or any other goods and services.

21.     Additionally, or in the alternative, Himalaya seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts. Moreover, as a result of Defendant's egregious infringement, Himalaya seeks treble, additional, and enhanced damages from Defendant.

## COUNT III - TRADEMARK DILUTION UNDER TEXAS LAW

22.     Himalaya repeats and realleges the allegations set forth in paragraphs 1 - 21.

23.     Defendant's unlawful acts as described above demonstrate that Defendant is diluting the exclusivity and distinctiveness of Himalaya's LIVER CARE mark in violation of the Texas Anti-Dilution Act, Tex. Bus. & Com. Code § 16.29.

24.     As a result of Defendant's dilution of Himalaya's distinctive trademark, Himalaya has suffered, and is suffering, injury and damage to which there is no adequate remedy at law. Himalaya therefore seeks preliminary and permanent injunctive relief to prevent this type of injury from continuing.  Additionally, or in the alternative, Himalaya seeks an accounting and damages.

## COUNT IV - REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

25.     Himalaya repeats and realleges the allegations set forth in paragraphs 1 - 24.

26.     The acts of Defendant complained of herein have resulted in trademark infringement, dilution and unfair competition.  Accordingly, pursuant to 15 U.S.C. § 1117(a), Himalaya is entitled to recover (1) Defendant's profits; (2) any damages sustained as a result of Defendant's acts; and (3) the costs associated with this action.

27.     Himalaya is also entitled to an award of treble damages, pursuant to 15 U.S.C. 1117(b), as a result of the Defendant's use of a nearly identical mark, and its gross, wanton, or willful conduct.  Himalaya further requests that it be granted an award of its reasonable and necessary attorneys' fees and costs as a result of Defendant's unlawful actions.

## CONCLUSION AND PRAYER

28.     WHEREFORE, Himalaya prays for entry of judgement:

(a)     finding that Defendant has infringed U.S. Trademark Reg. No. 2,842,897 and Himalaya's common law trademark rights in the mark LIVER CARE;

(b)     finding that Defendant has diluted the goodwill associated with Himalaya's mark LIVER CARE;

(c)     finding that Defendant has engaged in unfair competition in violation of both federal and Texas law;

(d)     enjoining Defendant, its officers, directors, agents, employees, representatives,

successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of U.S. Trademark Reg. No. 2,842,897and Himalaya's common law trademark rights in the mark LIVER CARE, dilution of Himalaya's goodwill associated with Himalaya's mark LIVER CARE, or unfair competition;

(e)     awarding Himalaya all damages caused by the acts of Defendant and all profits of Defendant from acts complained of, and/or all costs to Himalaya caused by Defendant's activities complained of herein;

(f)     trebling the damages and profits awarded to Himalaya as authorized by 15 U.S.C. § 1117;

(g)     granting Himalaya pre-judgment and post-judgment interest on the damages caused to Himalaya by reason of Defendant's activities complained of herein;

(h)     finding that this is an exceptional case and awarding Himalaya its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

(i)     awarding costs to Himalaya; and

(j)     awarding Himalaya such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated:  January 10, 2008                     Respectfully submitted,


                                             _____/s/ John S. Egbert_____
                                             John S. Egbert
                                             Texas Bar No. 06479550
                                             S.D. Tex. ID No. 4215
                                             Egbert Law Offices, PLLC
                                             412 Main Street, 7th Floor
                                             Houston, Texas 77002
                                             Telephone: (713) 224-8080
                                             Facsimile:  (713) 223-4873
                                             Email: mail@egbertlawoffices.com

                                             Attorney-in-charge for Plaintiff
                                             The Himalaya Drug Company Corporation


OF COUNSEL:

Paul S. Beik
Texas Bar No. 24054444
S.D. Tex. ID No. 642213

Egbert Law Offices, PLLC
412 Main Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 224-8080
Facsimile:  (713) 223-4873
Email: pbeik@egbertlawoffices.com

Attorney for Plaintiff
The Himalaya Drug Company